IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DEOLINDA LARSEN, BRYANNA SPICER, LAURA BEYTIA, and DESIRAE MICHELE BROWN, <br><br> Plaintiffs, <br><br> vs. <br><br> CRÈME DE LA CRÈME, INC., ALLEN CRÈME DE LA CRÈME, L.P., and FRISCO CRÈME DE LA CRÈME, L.P., <br><br> Defendants. | CIVIL ACTION NO. 4:09-CV-613 <br><br> Jury Demanded |

## ORIGINAL COMPLAINT

Plaintiffs Deolinda Larsen ("Larsen"), Bryanna Spicer ("Spicer") (formerly known as "Bryanna Pivarnik"), Laura Beytia ("Beytia"), and Desirae Michele Brown ("Brown") (hereinafter collectively referred to as "Plaintiffs"), on their behalf and on behalf of others similarly situated, bring this action against Defendants Crème de la Crème, Inc. ("Crème Inc."), Allen Crème de la Crème, L.P. ("Allen Crème"), and Frisco Crème de la Crème, L.P. ("Frisco Crème") (hereinafter collectively referred to as "Defendants") and would show this Court as follows:

I.   OVERVIEW

1.   Defendants failed to pay Plaintiffs in accordance with the Fair Labor Standards Act ("FLSA"). Plaintiffs were not paid one and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Specifically, Defendants informed Plaintiffs that Plaintiffs' respective positions required them to work more than forty (40) hours per workweek but provided no compensation at all for time worked over forty (40) hours per

workweek.  Plaintiffs do not perform work that meets the definition of exempt work under the FLSA.

## II.   PARTIES

2. Plaintiff Deolinda Larsen is an individual who resides in Collin County, Texas. Larsen's written consent to this action is attached as Exhibit A.

3. Plaintiff Bryanna Spicer is an individual who resides in Collin County, Texas. Spicer's written consent to this action is attached as Exhibit B.

4. Plaintiff Laura Beytia is an individual who resides in Collin County, Texas. Beytia's written consent to this action is attached as Exhibit C.

5. Plaintiff Desirae Michele Brown is an individual who resides in Texas.  Brown's written consent to this action is attached as Exhibit D.

6. The "Members of the Class" are those employees who are similarly situated to Plaintiffs in that their compensation policies, procedures, and deficiencies were similar to Plaintiffs.  They also worked in excess of forty (40) hours per workweek and were not paid any compensation for hours worked in excess of forty (40) hours per workweek.

7. Defendant Crème de la Crème, Inc. is a corporation organized under the laws of the state of Delaware, based in Colorado, and doing business in Texas.  Defendant Crème Inc. does not maintain a registered agent in Texas for service of process.  As such, Defendant Crème Inc. may be served by serving the Texas Secretary of State.

8. Defendant Allen Crème de la Crème, L.P. is a limited partnership based in Colorado, and doing business in Texas.  Defendant Allen Crème may be served by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporated, 211 East 7th Street, Suite 620, Austin, Texas 78701.

9. Defendant Frisco Crème de la Crème, L.P. is a limited partnership based in Colorado, and doing business in Texas. Defendant Frisco Crème may be served by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporated, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### III.   JURISDICTION AND VENUE

10. This Court has jurisdiction over this case because Plaintiffs have asserted claims under federal law, specifically 29 U.S.C. § 201 *et seq*.

11. Venue properly lies in this Court because all acts and omissions giving rise to this claim took place in Collin County which is in the District and Division in which suit has been filed.

### IV.   COVERAGE

12. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.SC. § 203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

15. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTS

16.     Defendants employed Larsen as a non-exempt employee during the period December 15, 2006 to the present (the "Relevant Period").  Larsen regularly worked in excess of forty (40) hours per workweek but was not paid overtime for such work.  In fact, Larsen received no compensation for any hours worked over forty (40).  Furthermore, Larsen was expected and required to perform work "off the clock" for which she received no compensation.

17.     Defendants employed Spicer as a non-exempt employee during the Relevant Period.  Spicer regularly worked in excess of forty (40) hours per workweek but was not paid overtime for such work.  In fact, Spicer received no compensation for any hours worked over forty (40).  Furthermore, Spicer was expected and required to perform work "off the clock" for which she received no compensation.

18.     Defendants employed Beytia as a non-exempt employee during the Relevant Period.  Beytia regularly worked in excess of forty (40) hours per workweek but was not paid overtime for such work.  In fact, Beytia received no compensation for any hours worked over forty (40).  Furthermore, Beytia was expected and required to perform work "off the clock" for which she received no compensation.

19.     Defendants employed Brown as a non-exempt employee during the Relevant Period. Brown regularly worked in excess of forty (40) hours per workweek but was not paid overtime for such work.  In fact, Brown received no compensation for any hours worked over forty (40).  Furthermore, Brown was expected and required to perform work "off the clock" for which she received no compensation.

## VI.   COLLECTIVE ACTION ALLEGATIONS

20.   The named Plaintiffs bring their claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Members of the Class.

21.   Other employees have been victimized by Defendants' unlawful practice. These employees are similarly situated to Plaintiffs because they performed similar or related job duties, were paid in a similar fashion, and were denied overtime compensation during the Relevant Period.

22.   Defendants' failure to pay overtime is a result of a generally applicable policy or practice at all Defendants' facilities. The wage abuses suffered by Plaintiffs are similar to those suffered by other employees and do not depend on the personal circumstances of the Members of the Class. Thus, Plaintiffs' experiences are typical of the Members of the Class.

23.   All Defendants' non-exempt instructors, administrative staff, and related on-site personnel who were denied overtime compensation for hours worked over forty (40) are similarly situated. The damages suffered by each member of the class arise from the same nucleus of operative facts and damages can be calculated by using one simple mathematical formula which applies to each Member of the Class. In other words, though individual damages may vary in amount, the method of calculating damages for the Members of the Class is identical. The class is therefore defined as: All current and former non-exempt instructors, administrative staff, and related on-site personnel employed by Defendants during the time period December 15, 2006 to the present.

24. The names and addresses of the Members of the Class are available from Defendants, and notice should be provided to the Members of the Class via first class mail to the last known address as soon as possible.

## VII. CAUSE OF ACTION: FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FLSA

25. Plaintiffs incorporate by reference all allegations contained in Paragraphs 1 through 24 hereinabove.

26. During the relevant period, Defendants violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. § 206, 207, and 215(a)(2), by employing employees engaged in commerce within the meaning of the FLSA, for work weeks longer than forty (40) hours, without compensating such employees for their employment in excess of forty (40) hours per week. Defendants acted willfully in failing to pay Plaintiffs in accordance with the law.

## VIII. JURY TRIAL DEMAND

27. Plaintiffs demand a trial by jury on all issues of facts and damages raised in this case.

## IX. RELIEF SOUGHT

28. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

    a. For an Order awarding Plaintiffs back wages that have been improperly withheld;

    c. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    d. For an Order awarding Plaintiffs the costs of this action;

e.  For an Order awarding Plaintiffs their attorneys' fees;

f.  For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

g.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**THE COLES FIRM P.C.**
4925 Greenville Ave., Suite 1250
Dallas, Texas 75206
(214) 443-7860 Telephone
(972) 692-7145 Facsimile


By: /s/ Michael E. Coles_____
Michael E. Coles
State Bar No. 24007025
Dustin A. Paschal
State Bar No. 24051160
Paul W. Simon
State Bar No. 24060611

**ATTORNEYS FOR PLAINTIFFS**