IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEOLINDA LARSEN, BRYANNA SPICER, and LAURA BEYTIA, | § § § § § | |
| Plaintiff, | | |
| V. | § | CIVIL ACTION NO. 4:09-CV-613 |
| CRÈME DE LA CRÈME, INC., ALLEN CRÈME DE LA CRÈME, L.P., and FRISCO CRÈME DE LA CRÈME, L.P., | § § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES
<u>MAGISTRATE JUDGE</u>**

Now before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 32). Having reviewed the motion, the response, the applicable authorities, and the record in this case, the Court finds that the motion to dismiss should be GRANTED.

BACKGROUND

In this case, Plaintiffs have filed suit against Creme de la Creme Inc., Allen Creme de la Creme L.P., and Frisco Creme de la Creme, L.P. for claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. Plaintiffs apparently worked as teachers or caretakers at childcare centers purportedly owned or operated by Defendants. In this suit, Plaintiffs seek to recover unpaid overtime compensation and other damages. In its motion to dismiss, Defendant Creme de la Creme Inc., a Delaware corporation with its principal place of business in Colorado, argues that this Court does not have personal jurisdiction over it.

1

## STANDARD

In determining whether it may exercise personal jurisdiction over a nonresident defendant, a court must consider "both the forum state's long-arm statute and federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). If a state's long-arm statute "extends to the limits of federal due process," as Texas's does, the court must only perform a due process analysis. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process allows a federal court to exercise personal jurisdiction over a nonresident defendant only if (1) the nonresident defendant has established minimum contacts by "purposely avail[ing] himself of the benefits and protections of the forum state" and (2) "the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Wilson*, 20 F.3d at 647).

Minimum contacts may be established through either specific or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists if the defendant has had substantial, continuous, and systematic contacts with the forum state, regardless of whether those contacts are related to the cause of action. *Johnston*, 523 F.3d at 609 (citing *Helicopters Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-19, 104 S. Ct. 1868, 80 L. Ed.2d 404 (1984)). Specific jurisdiction exists when a nonresident defendant has purposefully directed his activities at the plaintiff and the plaintiff's alleged injuries derive from those activities. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) ("Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.") (internal citations

omitted); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

The plaintiff bears the burden of proving that the defendant has had minimum contacts with the forum state; however, the plaintiff need only make a *prima facie* showing of such contact. *Johnston*, 523 F.3d at 609 (citing *Wilson,* 20 F.3d at 648). The court must resolve any disputed facts in favor of the plaintiff and a finding of jurisdiction. *Id.* (citing *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990) (internal citations omitted). "In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal citations omitted).

If the plaintiff successfully makes a *prima facie* showing of minimum contacts, the burden shifts to the defendant to show "that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted)); *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 382 (5th Cir. 2002)).

Under the fairness inquiry, the court examines: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the

interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N'Care*, 438 F.3d at 473 (citing *Felch v. Transportes Lar-Mex SA De CV,* 92 F.3d 320, 324 (5th Cir. 1996)).

## ANALYSIS

In its motion, Defendant Creme de la Creme, Inc. argues that it is not subject to personal jurisdiction in this Court because it is a Delaware corporation, it does not do business in Texas, does not have an agent for service in Texas, and it has no employees in the State of Texas. Defendant offers the declaration of Bob Puckett, its Chief Financial Officer, to support these claims.

In response, Plaintiffs argue that Defendant "controls the 'internal business operations and affairs' of Allen Creme, Frisco Creme and the other locations identified in Plaintiffs' Original Complaint." Dkt. 34 at 3. In support of this argument, Plaintiffs provide a copy of Creme de la Creme, Inc.'s Uniform Policy & Procedure and Confidentiality Agreement and Restrictive Covenants purportedly provided to one of the Plaintiffs who was employed by Defendant Allen Creme de la Creme, Inc. in Texas. Plaintiffs argue that this agreement is *prima facie* evidence that Defendant Creme de la Creme, Inc. had minimum contacts with Texas. Plaintiffs have cited to no authority or legal precedent to show how the agreement is sufficient to confer personal jurisdiction.

Curiously and without any meaningful exposition, Plaintiffs argue that the presence of the parenthetical phrase "(Insert State)" in the Agreement indicates Defendant had minimum contacts in this forum. The Court is not convinced. The Court has reviewed the Agreement, and it makes no mention of a Texas forum.[1] Texas was not chosen – indeed no state was – for any of the "(Insert

---

[1] The Court notes that page 2 of the Agreement is not included in the record. The relevance it has on the Court's minimum contacts analysis is thus unknown.

State)" options. Further, the provisions containing the "(Insert State)" fill-in-the-blank language (for which no state name is provided here and the form is left blank) pertain to the scope of the covenant not to compete, the governing law of the agreement, and the forum selection clause. *See* Dkt. 34-2 at ¶¶ 3(d) & 7(c). While the state chosen in a forum selection clause may bear on jurisdictional analysis, the Court finds that the lack of a selected forum in the Agreement attached to Plaintiffs' response makes the contractual provisions of little consequence here. Indeed, the copy of the Agreement provided by Plaintiffs does not even appear to have been executed by Defendant Creme de la Creme, Inc. at all. The relevance it has to Defendant's contacts with Texas is simply unclear to the Court.

Moreover, the fact that Defendant has affiliates or subsidiaries in Texas is not enough to show minimum contacts. *Gartin v. Par Pharm. Co., Inc.*, 561 F. Supp.2d 670, 677 (E.D. Tex. 2007) (subsidiary's contacts with the State of Texas may not be attributed to parent company in order to subject parent to service of process in the State of Texas). The Fifth Circuit has clearly explained that, in order to confer jurisdiction over a foreign parent company, a plaintiff must show contacts with the forum state, either directly or through an alter ego theory:

> As a general rule, however, the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated. *See Cannon Mfg. Co. v. Cudahy Packing Co.,* 267 U.S. 333, 335, 45 S. Ct. 250, 69 L. Ed. 634 (1925) (declining to attribute, for jurisdictional purposes, the presence of a subsidiary in the forum state to a nonresident parent corporation where the parent and subsidiary maintained distinct and separate corporate entities); *Hargrave v. Fibreboard Corp.,* 710 F.2d 1154, 1159 (5th Cir. 1983) (observing that "[g]enerally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business in the forum state"); *see also Access Telecom, Inc. v. MCI Telecomm., Corp.,* 197 F.3d 694, 717 (5th Cir. 1999) (noting that "typically, the corporate independence of

5

companies defeats the assertion of jurisdiction over one by using contacts with the other"). This principle, however, is not inviolate. Rather, the presumption of institutional independence of related corporate entities may be rebutted by "clear evidence," which requires a showing of "something beyond" the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident. *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir.1999). Accordingly, our cases "[g]enerally ... demand proof of control by [one corporation] over the internal business operations and affairs" of another corporation to make the other its agent or alter ego, and hence "fuse the two together for jurisdictional purposes." *See Hargrave,* 710 F.2d at 1160 (collecting cases); *accord, Dickson,* 179 F.3d at 338. In determining whether a plaintiff asserting personal jurisdiction has overcome the presumption of corporate separateness, this Court considers the following nonexhaustive factors: (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities.

*Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004).

While Plaintiffs have alleged that Defendant "controls the internal business operations and affairs" of the Texas Defendants, Plaintiffs have not *shown* how their evidence supports this allegation. Indeed, Plaintiffs have not even alleged the specific minimum contacts with Texas through which Defendant exercises such control, nor have Plaintiffs offered any allegations or evidence regarding the non-exhaustive factors outlined in *Freudensprung*. It is Plaintiffs' burden to allege sufficient minimum contacts with the forum state in order for the Court to find personal jurisdiction. Plaintiffs simply have not done so here.[2]

---

[2]The Court notes that other pleadings in this case suggest that Plaintiffs may now claim that Defendants have thwarted their discovery efforts regarding Creme de la Creme Inc.'s contacts with Texas. However, Plaintiffs have never filed any discovery motions seeking to compel this information from Defendants, nor have Plaintiffs attempted to supplement the record in this case with any additional allegations or evidence detailing Defendant's alleged contacts. This motion has been pending for over seven months. Plaintiffs have had ample time and

6

Because Plaintiffs have failed to show how this Court can exercise specific jurisdiction over Defendant, the Court finds that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 32) be GRANTED and that the claims against Defendant Creme de la Creme Inc. should be dismissed for lack of jurisdiction.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of January, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

opportunity to provide this Court with a minimum contacts argument and have simply not done so. The matter is ripe for resolution.