IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DEOLINDA LARSEN, BRYANNA SPICER, and LAURA BEYTIA, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:09-CV-613 |
| CRÈME DE LA CRÈME, INC., ALLEN CRÈME DE LA CRÈME, L.P., and FRISCO CRÈME DE LA CRÈME, L.P., | § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES
<u>MAGISTRATE JUDGE</u>**

Now before the Court is Plaintiffs' Re-Urged Motion for Conditional Collective Action Certification and for Court-Supervised Notice to Others Similarly Situated to "Opt-In" Pursuant to the Fair Labor Standards Act Section 216(b) (Dkt. 40).

**BACKGROUND**

Plaintiffs Deolinda Larsen, Bryanna Spicer, and Laura Beytia, individually, and on behalf of all others similarly situated filed this suit against Creme de la Creme, Inc. ("Creme, Inc."),[1] Allen Creme de la Creme, L.P. ("Allen Creme"), and Frisco Creme de la Creme, L.P. ("Frisco Creme") (hereinafter collectively referred to as "Defendants") on December 15, 2009. Plaintiffs – who

---

[1]The Court notes that this Defendant has challenged this Court's personal jurisdiction over it. The Court's findings as to certification are not Defendant-specific and are unaffected by the Court's separate analysis on jurisdiction. Therefore, to the extent Defendant Creme, Inc. Remains in the suit at the time this report is considered, the findings shall apply to it as well.

apparently worked as teachers or caretakers at childcare centers purportedly owned or operated by Defendants – assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, and seek to recover unpaid overtime compensation, liquidated damages, prejudgment interest, and attorneys' fees for all payroll periods they worked for Defendants.

Plaintiffs filed their original Motion for Conditional Certification on February 4, 2010 (*see* Dkt. 8). Then, pursuant to the parties' request, the Court ordered that the discovery in this matter should be conducted in two phases to allow discovery on the class certification issue. The parties were given more than three months to complete the first phase of discovery, and the original motion to certify class was denied as moot to allow all matters to be fully briefed to the Court after the close of discovery (*see* Dkt. 30). With the first phase of discovery complete, Plaintiffs have now re-urged their motion seeking to conditionally certify the class.

## STANDARD

Section 216(b) of the Fair Labor Standards Act authorizes a plaintiff to bring a collective action on behalf of similarly situated persons, provided that any person who desires to become a part of the collective action files a written consent in the court. 29 U.S.C. § 216(b). District courts have the discretionary power to conditionally certify a collective action and to authorize the sending of notice to potential class members pursuant to § 216(b), but certification is not mandatory. *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed.2d 480 (1989).

Two approaches are used by courts to determine whether collective treatment under § 216(b) is appropriate: (1) the two-stage class certification set forth in *Lusardi v. Xerox, Corp.,* 118 F.R.D.

351 (D. N.J. 1987); and (2) the "Spurious Class Action" method outlined in *Shushan v. Univ. of Colorado,* 132 F.R.D. 263 (D. Colo. 1990). The Fifth Circuit has discussed the two approaches, but has not adopted a specific approach. *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1212 (5th Cir. 1995) (finding it unnecessary to choose between the tests because either way district court erred in finding plaintiffs were not similarly situated); *see also Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 519, n. 1 (5th Cir. 2010) (noting that the Fifth Circuit has "not adopted any of the varying approaches for determining whether employees' claims are sufficiently similar to support maintenance of a representative action").

The *Lusardi* two-step approach is the more generally accepted method of analysis among federal courts and is the one the Court will apply in this case. *See e.g. Hickson v. U.S. Postal Serv.*, 2010 WL 3835887, 5-6 (E.D. Tex. 2010); *Castillo v. Hernandez*, 2010 WL 4595811, 2-4 (W.D. Tex. 2010); *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, 1 (N.D. Tex. Oct. 7, 2004); *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, 1 (N.D. Tex. 2002). Under this approach, certification for collective action is divided into two phases: (1) the notice stage; and (2) the opt-in, or merits, stage. *Mooney,* 54 F.3d at 1213-14.[2]

In the notice stage, the Court must determine whether the plaintiff has provided sufficient evidence of similarly-situated plaintiffs to warrant court-facilitated notice of the proposed class. *Valcho v. Dallas Cnty. Hosp. Dist.*, 574 F. Supp.2d 618, 621 (N.D. Tex. 2008). If the plaintiff has,

---

[2]Under the second method, the court simply looks to Rule 23 factors – numerosity, commonality, typicality, and adequacy – to determine class certification, without dividing the process into two steps. *See Mooney,* 54 F.3d at 1214.

the court "conditionally certifies" the class and facilitates notice to the potential plaintiffs. *Id.* This standard is "fairly lenient" and usually results in conditional certification. *Mooney,* 54 F.3d at 1213. The plaintiff bears the burden of presenting preliminary facts to show that there is a similarly situated group of potential plaintiffs. *See Hickson*, 2010 WL 3835887 at 6.

Then, after discovery has taken place and after potential class members have the opportunity to opt-in, the court reexamines the class, typically in response to a motion for decertification. *Valcho*, 574 F. Supp.2d at 621. If the court finds that the class is no longer made up of similarly-situated persons, the class is decertified. *Id.*

While the *Lusardi* certification standard is lenient, it is not automatic. *Castillo*, 2010 WL 4595811 at 4 ("it is clear from the relevant case law that courts must strive to balance the efficiency of aggregating claims in one action against the expense and inconvenience of frivolous litigation"); *Badgett v. Texas Taco Cabana, L.P.*, 2006 WL 2934265, 2 (S.D. Tex. 2006). In fact, the similarly situated inquiry is usually more stringent when the parties have had the opportunity to conduct discovery on the issue of certification. *Harris v. Fee Transp. Servs., Inc.*, 2006 WL 1994586, 3 (N.D. Tex. May 15, 2006). Thus, a court may not be "inclined to use its powers to facilitate notice where a plaintiff, having had an opportunity to develop the factual basis for a collective action (i.e., to prove that there are similarly situated employees who would desire to opt-in to the litigation), fails to do so." *Valcho*, 574 F. Supp.2d at 623.

ANALYSIS

In accordance with the *Lusardi* two-step approach, the Court must determine whether Plaintiffs here have provided sufficient evidence of similarly situated Creme employees who also claim that they were not paid for overtime work. "The court should satisfy itself that there are other employees of the defendant who are 'similarly situated' with respect to their job requirements and pay provisions." *Hickson*, 2010 WL 3835887 at 5-6; *see also H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) ("Courts ... have considered factors such as ... whether affidavits of potential plaintiffs were submitted ... [and have required] a factual showing suggesting that [the potential plaintiffs] were similarly situated.") (citations omitted). In evaluating Plaintiffs' allegations, "the court should consider factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread plan was submitted." *Allen v. McWane, Inc.*, 2006 WL 3246531, 2 (E.D. Tex. 2006). Although there is no specific definition of "similarly situated" in the FLSA, the court should determine whether Plaintiffs' pleadings and affidavits show that: (1) there is a reasonable basis to believe that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in light of the claims and defenses asserted; and (3) those individuals would want to opt in to the lawsuit. *Castillo*, 2010 WL 4595811 at 2-4. Plaintiffs need not show their positions are identical, only similar. *See Hickson*, 2010 WL 3835887 at 5-6

In this case, Plaintiffs seek to certify a class of non-exempt employees who were not paid for overtime hours worked in excess of 40 hours per week at the childcare centers. In support of their allegations, Plaintiffs offer (1) the affidavits of Plaintiffs Larsen and Beytia, (2) excerpts from the

5

depositions of Plaintiff Larsen and the corporate representatives for all three named Defendants, (3) a copy of Creme de la Creme's website, (4) some payroll records for Plaintiff Larsen and Beytia, (5) Defendants' objections and responses to Plaintiffs' deposition notices, and (6) an affidavit of Mary Canaday, another employee of Defendants who claims she was not paid for overtime hours worked (and who later filed a consent to the class action). *See* Dkt. 40, Exhibits A-L; *see also* Dkt. 9.

The Court has conducted an exhaustive review of the evidence submitted by Plaintiffs in support of their contention that there are more similarly situated plaintiffs in existence to support conditional certification of a class. The Court finds that Plaintiffs' evidence simply does not indicate that there is any reasonable basis to believe that aggrieved individuals – other than the Plaintiffs who have joined the suit – exist.

Plaintiff Larsen's affidavit indicates that she spoke with others interested in joining the lawsuit but feared retaliation. Larsen's affidavit never states that these employees were similarly situated non-exempt employees who were also not paid for overtime work. And, the single page of her deposition testimony attached to the motion contains no discussion of any other potentially similarly situated employees or any single decision, policy, or plan which caused certain employees to be uncompensated for overtime work. Beytia's affidavit does not discuss any other employees at all; it only contains assertions about *her* unpaid time. The time cards for Larsen indicate that she worked overtime hours but do not point to the existence of similarly situated plaintiffs, and it is not even clear to the Court what the payroll records for Beytia indicate. At the very least, it is clear to the Court that they make no showing of any similarly situated plaintiffs or of a widespread plan or policy to not pay employees for overtime hours worked.

There is also nothing contained in the deposition testimony of the corporate representatives or suggested by the objections lodged to certain discovery requests served on Defendants that would evidence the existence of other similarly situated plaintiffs. Indeed, the only discussion in the corporate deposition testimony about an overtime policy indicates employees who work overtime are compensated. *See* Dkt. at Ex. H, pages 66-68

Other than the allegations made by named Plaintiffs, the Court simply is not satisfied that there are other employees who were not paid for overtime work. According to the record in this case, Plaintiffs have filed several consents to FLSA Collective Action, indicating that three additional individuals, other than the named Plaintiffs, consent to be named as parties herein (*see* Dkts. 9, 21, & 39).[3] Plaintiffs have not shown or argued how these three individuals are similarly situated for purposes of the class certification analysis. While Plaintiffs may seek to amend their complaint to add these individuals as plaintiffs, the filings have little effect on the Court's certification determination.

Of particular importance in this case is the fact that Plaintiffs had almost *eight* months after suit was filed – and more than five months after they originally sought conditional certification – to gather evidence of similarly situated plaintiffs. The Court thus applies a more stringent standard to the evidence presented by Plaintiffs. *Valcho*, 574 F. Supp.2d at 621-622 (applying heightened evidentiary standard where plaintiff had *three* months to conduct discovery on certification issue).

---

[3] Additionally, according to Defendants, these additional individuals all were employed by the Allen, Texas center. The Court agrees with Defendants that this does not support certification of a nationwide class.

The Court notes that Plaintiffs have argued that Defendants thwarted many of their discovery efforts. The Court is not convinced by this argument. First, Plaintiffs never sought any relief from the Court through a motion to compel or other discovery device in order to obtain the information they needed. Second – and more importantly in this phase of the case – it does not appear that the discovery about which Plaintiffs now complain would have helped them in sustaining their burden to show the existence of similarly-situated plaintiffs. It is clear that when discovery on class certification issues is permitted, "employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiff at the employer's expense." *H & R Block v. Housden,* 186 F.R.D. 399, 401 (E.D. Tex. 1999) (quoting *D'Anna v. M/A-Com, Inc.,* 903 F. Supp. 889, 894 (D. Md. 1995)). In this case, Plaintiffs have not shown how any of Defendants' discovery objections prevented them from obtaining information about other potential plaintiffs. It does not appear to the Court that Defendants' discovery objections dealt with any of their policies relating to overtime work — quite the contrary, the corporate representatives offered testimony about the child care center's overtime policies and procedures and indicated that these policies required that certain employees to be paid for overtime work.

The evidence presented by Plaintiffs lacks the specificity about work location, duties of employees, amounts of pay, and hours worked to show that there is a group of potential plaintiffs who all went unpaid for overtime work as a result of a single decision, policy, or plan. *Compare Castillo*, 2010 WL 4595811 at 2-4 (finding the plaintiffs' evidence was sufficiently detailed to show single decision, policy or plan). Because there is insufficient information here to suggest that "the putative class members were together the victims of a single decision, policy, or plan," *Mooney,* 54

F.3d at 1214 n. 8 (5th Cir.1995) (quoting *Sperling I,* 118 F.R.D. at 407), the Court finds that Plaintiffs' Re-Urged Motion for Conditional Collective Action Certification and for Court-Supervised Notice to Others Similarly Situated to "Opt-In" Pursuant to the Fair Labor Standards Act Section 216(b) (Dkt. 40) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 25th day of January, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE